# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### ORANGEBURG DIVISION

| | | |
|---|---|---|
| Sallie M. Zeigler, as Personal Representative of the Estate of Alton Ray Zeigler, | ) ) ) ) | Civil Action No. 5:17-01010-JMC |
| Plaintiff, | ) ) | |
| vs. | ) ) ) | **NON-WAIVER ORDER PURSUANT TO RULE 502(d) OF THE FEDERAL RULES OF EVIDENCE** |
| Eastman Chemical Company, Mundy Maintenance Service and Operations LLC, | ) ) ) | |
| Defendants. | ) ) | |

The Court enters this order regarding non-waiver of the attorney-client privilege, the work product doctrine, and other applicable privileges arising out of inadvertent production of privileged documents.

Federal Rule of Civil Procedure 502(d) expressly preserves a party's right to assert privilege over certain documents and information, even if such documents or information are disclosed, stating as follows (in relevant part):

> Controlling Effect of a Court Order. A federal court may order that the privilege or protection is not waived by disclosure connected with the litigation pending before the court - in which event the disclosure is also not a waiver in any other federal or state proceeding.

Therefore, it is hereby **ORDERED** that:

1. Pursuant to Rule 502(d) of the Federal Rules of Evidence, inadvertent production of documents or electronically stored information ("ESI") (hereinafter collectively ''Inadvertently-Produced Documents") subject to work-product immunity, the attorney-client privilege, or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing party shall notify the receiving

party in writing as set forth below. In the event that a party inadvertently produces documents or ESI subject to a claim of privilege, the producing party shall, within 15 days of the discovery of the inadvertent disclosure, notify the other party in writing of the inadvertent disclosure. The producing party may, in the notice, request a "c1awback" of the inadvertently disclosed document or ESI. Upon receiving notice of the inadvertent production, the parties shall follow the procedures provided by Federal Rule of Civil Procedure 26(b)(5)(B) with respect to the c1awback of the Inadvertently-Produced Documents. All notes or other work product of the receiving party, reflecting the contents of such materials, shall be destroyed and not used unless successfully challenged. Notwithstanding the foregoing, the producing party shall be deemed to have waived any claim of privilege or work product immunity with respect to any document or ESI produced to which the producing party fails to assert privilege or work product immunity, prior to thirty days before the close of discovery.

2. In the event that the receiving party challenges the clawback of the Inadvertently-Produced Documents, the producing party must file a motion within 10 business days after receiving notice of the inadvertent disclosure to seek a ruling by the Court regarding the claim of privilege. If the receiving party elects to file a motion, it may retain possession of the Inadvertently-Produced Documents as well as any notes or other work product of the receiving party reflecting the contents of such materials pending the resolution by the Court of the motion, but it shall segregate and not use them pending resolution of the motion. Any Inadvertently-Produced documents used as part of a motion or in response to a motion shall be filed under seal or as otherwise directed by the Court.

3.     The party receiving such Inadvertently-Produced Documents will not, in responding to any motion filed by the producing party, assert the fact or circumstances of the inadvertent production to challenge whether the material is, in fact, privileged.

4. There is no waiver of privilege or work product protection in this matter or any other matter in any other jurisdiction for any document or ESI clawed-back under this clause, or for the subject matter of any such document or ESI, whether the privileged document or ESI was inadvertently provided following review or as part of a "Quick Peek" production. In the event that either party receives information produced in discovery from the other party that reasonably appears to be Inadvertently-Produced Documents, the receiving party shall promptly notify the producing party in writing of the apparently inadvertent production.


**IT IS SO ORDERED.**

s/J. Michelle Childs
The Honorable J. Michelle Childs
United States District Judge

July 6, 2017

Columbia, South Carolina